Nos. 22-2003, 22-2004, 22-2005, 22-2006,
22-2007, 22-2008, 22-2009, 22-2010, 22-2011

# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

IN RE LTL MANAGEMENT, LLC,

Debtor.

_____

LTL MANAGEMENT, LLC,

Appellee,

v.

THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT AND JOHN DOES 1-1000.

_____

On Appeal from the United States Bankruptcy Court for the District of New Jersey (Case Nos. 3:21-bk-30589-MBK, 3:21-ap-3032-MBK)

_____

## UNOPPOSED MOTION OF WASHINGTON LEGAL FOUNDATION FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE SUPPORTING DEBTOR-APPELLEE AND REHEARING EN BANC

_____

John M. Masslon II
Cory L. Andrews
WASHINGTON LEGAL FOUNDATION
2009 Massachusetts Ave., NW
Washington, DC 20036
(202) 588-0302
jmasslon@wlf.org

February 20, 2023

## DISCLOSURE STATEMENT

Washington Legal Foundation is a nonprofit corporation under § 501(c)(3) of the Internal Revenue Code. WLF has no parent company, issues no stock, and no publicly held company owns an interest in it.

Washington Legal Foundation moves for leave to file the accompanying brief as amicus curiae supporting Debtor-Appellee and rehearing en banc.[*]

Washington Legal Foundation is a nonprofit, public-interest law firm and policy center with supporters nationwide. WLF promotes free enterprise, individual rights, limited government, and the rule of law. It has appeared as amicus curiae in bankruptcy cases of public importance. *See*, *e.g.*, *Stern v. Marshall*, 564 U.S. 462 (2011); *Ind. State Police Pension Tr. v. Chrysler LLC*, 558 U.S. 1087 (2009). It filed a panel-stage brief that explained why the Bankruptcy Court correctly denied the motion to dismiss.

WLF's proposed amicus brief makes two arguments. First, it argues that the panel erred by not explaining why it split from the Fourth Circuit on the test for whether a debtor filed a bankruptcy petition in good faith. Second, WLF's brief explains how the panel erred by not fully weighing all equitable considerations.

"Members of the court might find" the arguments "helpful to deciding" the petitions. *Prairie Rivers Network v. Dynegy Midwest*

---

[*] All parties consent to granting this motion.

*Generation, LLC*, 976 F.3d 761, 764 (7th Cir. 2020) (Scudder, J., in chambers) (granting WLF's motion for leave to file amicus brief). The proposed brief provides additional discussion and citations not found in the rehearing petition. These arguments and citations help explain why the Court should rehear the case. *Cf. Lefebure v. D'Aquilla*, 15 F.4th 670, 675 (5th Cir. 2021) (Ho, J., in chambers) ("courts should welcome amicus briefs for one simple reason: '[I]t is for the honour of a court of justice to avoid error in their judgments'" (quoting *Protector v. Geering*, 145 Eng. Rep. 394 (K.B. 1686) (alteration in original))).

WLF therefore moves for leave to file the accompanying amicus brief supporting Debtor-Appellee and rehearing.

Respectfully submitted,

/s/ John M. Masslon II
John M. Masslon II
Cory L. Andrews
WASHINGTON LEGAL FOUNDATION
2009 Massachusetts Ave., NW
Washington, DC 20036
(202) 588-0302
jmasslon@wlf.org

February 20, 2023

## CERTIFICATE OF COMPLIANCE

I certify that: (1) this motion  complies with Fed. R. App. P. 27(d)(2)(A) because it contains 296 words, excluding those parts exempted by Fed. R. App. P. 32(f); (2) this motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (6) because it uses 14-point Century Schoolbook font; (3) Both attorneys whose names appear on this motion are members of this Court's bar; and (4) that McAfee LiveSafe was run on the file and did not detect a virus.

/s/ John M. Masslon II

February 20, 2023                   John M. Masslon II

## CERTIFICATE OF SERVICE

I certify that, on February 20, 2023, I served all counsel of record via the Court's CM/ECF system.

/s/ John M. Masslon II

February 20, 2023                   John M. Masslon II