Nos. 22-2003, 22-2004, 22-2005, 22-2006, 22-2007,
22-2008, 22-2009, 22-2010, 22-2011 (Consolidated)

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

IN RE: LTL MANAGEMENT, LLC,

*Debtor,*

*OFFICIAL COMMITTEE OF TALC CLAIMANTS,

*Appellants,*

*(Amended per Court's Order dated 06/10/2022)

On Direct Appeal from the United States Bankruptcy Court
for the District of New Jersey, No. 21-30589, Adv. Proc. No. 21-
3032

## MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF OF THE
## CHAMBER OF COMMERCE OF THE UNITED STATES OF
## AMERICA AND THE AMERICAN TORT REFORM ASSOCIATION
## SUPPORTING DEBTOR-APPELLEE AND REHEARING EN-BANC

Jennifer B. Dickey
Janet Galeria
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, D.C. 20062

R. Craig Martin
DLA PIPER LLP (US)
1201 N. Market St., Suite 2100
Wilmington, DE 19801

Richard A. Chesley
DLA PIPER LLP (US)
203 North LaSalle Street,
Suite 1900
Chicago, IL 60601

Ilana H. Eisenstein
*Counsel of Record*
DLA PIPER LLP (US)
1650 Market St., Suite 5000
Philadelphia, PA 19103
(215) 656-3351
ilana.eisenstein@us.dlapiper.com

H. Sherman Joyce
Lauren Sheets Jarrell
AMERICAN TORT REFORM
ASSOCIATION
Suite 400
Washington, D.C. 20036

February 21, 2023

The Chamber of Commerce of the United States of America ("Chamber") and the American Tort Reform Association ("ATRA") respectfully move this Court under Federal Rule of Appellate Procedure 29(b)(3) for leave to file the attached brief as *amici curiae* in support of Debtor's Petition for Rehearing and Rehearing En Banc.

## *Amici's* Interest in This Case

The Chamber is the world's largest business federation. It directly represents 300,000 members and indirectly represents the interests of more than three million companies and professional organizations of every size, in each industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files *amicus curiae* briefs in cases, like this one, that raise issues of concern to the nation's business community.

The American Tort Reform Association is a broad-based coalition of businesses, corporations, municipalities, associations, and professional firms that have pooled their resources to promote reform of the civil justice system with the goal of ensuring fairness, balance, and predictability in civil litigation. For more than three

decades, ATRA has filed *amicus curiae* briefs in cases involving important liability issues.

Many of *Amici's* members participate in bankruptcy proceedings in different capacities, including during plan confirmations under chapter 11. Therefore, *Amici* have a strong interest in the appropriate interpretation of bankruptcy court powers and the ability of businesses to address mass tort liabilities under U.S. bankruptcy law.

## Argument

The Chamber and ATRA are uniquely suited to provide a broader perspective on the issues raised in this petition for rehearing, reflecting the experience and interests of companies at the intersection of bankruptcy and mass tort. The Chamber and ATRA believe their *amici* brief is "relevant" and "desirable" because it highlights historical, factual nuance glossed over by the parties and alerts the court to possible practical consequences of the petition for rehearing. *Cf. Neonatology Assoc., P.A. v. C.I.R.*, 293 F.3d 128, 134 (granting motion for leave to file *amicus* brief).

*First*, the Chamber and ATRA's *amici* brief will emphasize the history of bankruptcy courts' resolution of mass tort liability since

the Bankruptcy Code was enacted in 1978. As shown in the proposed *amici* brief, the bankruptcy process has long been a key tool for U.S. businesses to efficiently resolve mass tort liability.

*Second*, The Chamber, ATRA, and their counsel have experience in cases involving the proper interpretation and scope of the Bankruptcy Code. The Chamber and ATRA regularly file briefs in cases addressing the proper interpretation and the scope of the Bankruptcy Code. Indeed, the Chamber and ATRA have filed a brief in this case at the merits stage. *In re LTL Management, LLC*, No. 22-2003, (3d Cir. filed Aug. 22, 2022) ECF No. 118. They have also filed briefs in two other cases raising similar issues to this one. *In re Aearo Tech., LLC*, No. 22-2606 (7th Cir. filed Dec. 19, 2022) ECF No. 49; *In re Purdue Pharma L.P.*, No. 22-110 (2d Cir. filed Feb. 18, 2022) ECF No. 402-2.

*Third*, given their broad membership perspective, the Chamber and ATRA are also well positioned to address the issues raised in this petition for rehearing from a unique perspective and to provide the Court with a view of the wide-ranging impact of the panel's decision. As explained more fully in the proposed *amici* brief, the panel's

standard for financial distress is unworkable and divorced from the reality businesses face in the context of mass torts.

For these reasons, the Chamber and ATRA respectfully request that the Court should grant their motion for leave to file a brief as *amici curiae*.

Dated: February 21, 2023

Jennifer B. Dickey
Janet Galeria
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, D.C. 20062

R. Craig Martin
DLA PIPER LLP (US)
1201 N. Market St., Suite 2100
Wilmington, DE 19801

Richard A. Chesley
DLA PIPER LLP (US)
203 North LaSalle Street,
Suite 1900
Chicago, IL 60601

Respectfully submitted,

/s/ Ilana H. Eisenstein

Ilana H. Eisenstein
*Counsel of Record*
(PA # 94907)
DLA PIPER LLP (US)
1650 Market St., Suite 5000
Philadelphia, PA 19103
(215) 656-3351
ilana.eisenstein@us.dlapiper.com

H. Sherman Joyce
Lauren Sheets Jarrell
AMERICAN TORT REFORM
ASSOCIATION
Suite 400
Washington, D.C. 20036

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in Bookman Old Style 14-point font using Microsoft Word for Office 365. I further certify that it complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 610 words, excluding those parts exempted by Fed. R. App. P. 32(f). This documents also complies with the requirement of this Court's Local Rule 31.1(c) because this document was scanned for viruses using Microsoft Defender, and no viruses were detected.

Dated:    February 21, 2023          /s/ Ilana H. Eisenstein
                                      Ilana H. Eisenstein

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ Ilana H. Eisenstein
Ilana H. Eisenstein